IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>CHARLES WARTHAN,<br><br>  Defendant. | No. 07mj7<br><br>**ORDER FOR PRETRIAL DETENTION** |

On the 29th day of May, 2007, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney Sean Berry. The Defendant appeared personally and was represented by Assistant Federal Public Defender JoAnne Lilledahl.

## RELEVANT FACTS

On January 10, 2007, Defendant Charles Warthan was charged by Criminal Complaint (docket number 2) with the crime of fraud. At the Preliminary Hearing on May 29, 2007, the Court found that there was probable cause to believe that a crime had been committed and that the Defendant committed it. Assistant United States Attorney Sean Berry advised the Court that the case would be taken before the Grand Jury during the week of June 12, 2007.

Investigator Dale Snyder of the Dubuque County Sheriff's Office testified regarding the facts set forth in his Affidavit attached to the Criminal Complaint. According to Snyder, in June 2006, Defendant participated in a scam in Dubuque regarding the sale of tickets to a non-existent concert. A man identifying himself as Romel Chatman contacted various businesses and individuals in Dubuque regarding an upcoming rap concert. On June 21, 2006, Defendant visited two stores selling tickets to the purported concert and collected a total of approximately $18,000. It was discovered later that week, however,

1

that the performers who were allegedly scheduled to perform at the concert knew nothing about the concert and had never heard of Romel Chatman.

On June 28, 2006, Defendant returned to a music store selling tickets and attempted to pick up additional cash from the concert ticket sales. At that time, Defendant was wearing a wig, hat, glasses, and finger braces on his hand, apparently so he would not be required to give a true signature. Defendant and another individual with him were arrested at that time.

Defendant, who recently turned age 31, lives with his mother in Chattanooga, Tennessee. According to the pretrial services report, Defendant is divorced and has one child, age 7, who lives with his mother. Defendant's father and two siblings live in Chattanooga, Tennessee, and Ringgold, Georgia, which is apparently nearby.

According to Deputy Snyder, there is evidence which links Defendant to a similar scam in Boone County, Missouri. Special Agent Thomas Reinwart of the FBI testified that Defendant had been identified in a photo line-up regarding a similar scam in Texas. According to Reinwart, in that case there had been approximately $50,000 in tickets sold. The pretrial services report reflects that Defendant was recently convicted of a scam in Indiana, where he identified himself as Charles Worthington.

Defendant has apparently not been employed for more than three years. He reported to the pretrial services officer, however, that he was "earning approximately $1200 per month from the sale of a personal CD that he had recorded in 2002." The information could not be verified. Defendant was convicted in 2002 for the sale of marijuana. While the pretrial services report is somewhat imprecise, it would appear that his probation was later revoked and he was required to serve 90-120 days in a "Probation Detention Center." Apparently, Defendant was on probation in Georgia at the time of the events which gave rise to his conviction in Indiana and the instant charges.

In support of his request that he be released on conditions, the Defendant proffered evidence that he could live with his mother in Tennessee, or his father in nearby Georgia. In addition, his aunt has offered Defendant employment.

## CONCLUSIONS OF LAW

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739, 107 S. Ct. 2095, the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755, 107 S. Ct. at 2105.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, the weight of the evidence against the Defendant would seem to be substantial. When he was arrested at the store attempting to

collect additional money, he was wearing a disguise and using a false name. Defendant does not have any ties to Iowa and is not currently employed. The Defendant was recently convicted of a similar scam in Indiana and has been implicated in similar scams in Missouri and Texas. It would appear that Defendant was on probation in Georgia at the time of the events which gave rise to his conviction in Indiana and the instant charges.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant if he is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that the Defendant should be detained prior to trial. The Defendant was advised in open court of his right to appeal this decision to the District Court.

### ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 30th day of May, 2007.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA

4

Case 1:07-mj-00007-JSS   Document 11   Filed 05/30/07   Page 4 of 4